UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

          v.

JOHN STUART,

              Defendant.

_____

21-CR-07-LJV-JJM

MEMORANDUM IN SUPPORT
OF OMNIBUS MOTION

**SCHEDULE I**

**DISCLOSURE UNDER RULES 12 AND 16**

Under Rules 12(b)(3)(E) and 16(a)(1)(A)-(G) of the Federal Rules of Criminal Procedure, Mr. Stuart moves to compel discovery of any items, or information, to which the defendant is entitled, including, but not limited to:

    a.    Law enforcement reports of the events in question and their aftermath, including any rough notes taken by law enforcement.

    b.    The substance of any oral statement made by the defendant in response to interrogation by a person the defendant knew was a government agent. Fed. R. Crim. P. 16(a)(1)(A). This includes the defendant's responses to any *Miranda* warning that preceded any statements, *United States v. McElroy*, 697 F.2d 459, 464-65 (2d Cir. 1982), and rough notes of the statement taken by law enforcement. *United States v. Certified Environmental Services, Inc.*, 31 F.3d 58, 64 (2d Cir. 2014); *United States v. Bidloff*, 82 F.Supp.2d 78, 86 (2d Cir. 1999); *United States v. Scotti*, 47 F.3d 1237 (2d Cir. 1995).

  c. Any and all relevant written or recorded statements made by the defendant.  Fed. R. Crim. P. 16(a)(1)(B).  This request is not limited to statements made in response to interrogation or to statements the government intends to introduce at trial.  *See United States v. Thomas*, 239 F.3d 163, 168 (2d Cir. 2001).

  d. A copy of the defendant's prior criminal record, if any.  Fed. R. Crim. P. 16(a)(1)(D).

  e. Any and all books, papers, documents, data, photographs, or other tangible objects, buildings or places if they are material to the preparation of the defense, the government intends to introduce them as evidence, or they were obtained from or belong to the defendant.  Fed. R. Crim. P. 16(a)(1)(E).

  f. Any and all results or reports of any physical or mental examination, or scientific experiment, that is material to the defense or that the government intends to introduce as evidence.  Fed. R. Crim. P. 16(a)(1)(F).  This includes, but is not limited to, any and all lab reports related to the Indictment not covered under Fed. R. Crim. P. 16(a)(1)(E).

  g. A written summary of any testimony that the government intends to introduce as evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence relating to expert witness testimony.  Fed. R. Crim. P. 16(a)(1)(G).  The summary must include the witnesses' opinions, the bases and reasons for those opinions, and the witnesses' qualifications.  *Id.*

The above-outline requests are ongoing.  Pursuant to Rule 16(c) of the Federal Rules of Criminal Procedure, the government's disclosure obligation continues up through and during the trial.  *See United States v. Matthews*, 20 F.3d 358 (2d Cir. 1994).  In the event new materials

responsive to these requests are produced, discovered, or otherwise come into the possession of the government or its agents, said materials should be provided to the defendant without delay.

In addition, the defense moves for disclosure and identification of the "foreign law enforcement" agency that is the basis for the search warrant. This critical information is intentionally omitted from the search warrant application.

**SCHEDULE II**
### *BRADY* MATERIAL

Under *United States v. Booker*, 543 U.S. 220 (2005), *Kyles v. Whitley*, 514 U.S. 419 (1995), *Giglio v. United States*, 405 U.S. 150 (1972), *Brady v. Maryland*, 373 U.S. 82 (1963), *United States v. Gil*, 297 F.3d 93 (2d Cir. 2002), and the American Bar Association Rule of Professional Conduct 3.8(b), Mr. Stuart moves to compel disclosure of any and all information, whether admissible at trial or not, regarding the facts or occurrences or the absence of facts or occurrences, known to the government or which could become known upon diligent inquiry to those under the government's direction or control, that is in any way exculpatory or favorable to the defendant, whether by detracting from the government's case or the credibility of the government's witnesses, or supportive of the positions urged, or likely to be urged, by the defendant at any stage of the proceedings.

It is impossible, and indeed not required under *United States v. Agurs*, to make a specific request for all such material. 427 U.S. 97 (1976). Nevertheless, disclosure should include, but is not limited to, the following:

    a.    Any information that tends to undercut, or negate, the proof of any element of a charged offense. *See Cone v. Bell*, 556 U.S. 449 (2009).

      b.      Any information that could corroborate a defense suppression theory or a version of the events that may require suppression of evidence. *See generally, United States v. Severdiija*, 790 F.2d 1556 (11th Cir. 1986).

      c.      Any inconsistent statements made by any potential government witness or informant, including, but not limited to, statements made during a proffer meeting or a trial preparation interview, or made to a responding or investigating officer or to any other person, or made during a polygraph examination, whether or not memorialized. *See Strickler v. Greene*, 527 U.S. 263 (1999).

      d.      Any information that tends to undercut, or negate, the credibility or the believability of the factual account of any potential government witness or informant. *See Leka v. Portuondo*, 257 F.3d 89 (2d Cir. 2001).

      e.      Any assistance, favorable treatment, or benefit offered, held out, promised, or provided to any potential government witness or informant. *See Banks v. Dretke*, 540 U.S. 668 (2004); *United States v. Bagley*, 473 U.S. 667 (1985).

      f.      Any information or evidence that tends to suggest any potential government witness's or informant's possible bias, interest, hostility, or reason to fabricate. *Id*.

      g.      Any information regarding inconsistent or contradictory scientific tests or experiments; or lack of inculpatory results or findings from tests; or possible weaknesses in a potential expert witness's testimony. *See Simmons v. Beard*, 590 F.3d 223 (3d Cir. 2009); *see also Paradis v. Arave*, 240 F.3d 1169 (9th Cir. 2001).

  h. Any information that tends to undercut, or negate, an identification of the defendant as the perpetrator, and/or suggest that another person may be the actual perpetrator.  *See Kyles*, 514 U.S. 419

  i. Any information that tends to support a complete or mitigating defense to any charged offense, or that buttresses a potential defense version of pertinent facts.  *See Youngblood v. West Virginia*, 547 U.S. 867 (2006).

  j. Any information that could provide a basis for an alternative defense strategy, or that tends to support a defense theory or factual version different from that which has been announced or is being pursued.  *See Graves v. Dretke*, 442 F.3d 334 (5th Cir. 2006).

  k. Any information that tends to undercut, or negate, a potential theory of the defendant's motive for committing the crime, or that suggests an absence of any motive. *See Mendez v. Artuz*, 303 F.3d 411 (2d Cir. 2002).

  l. Any information which would mitigate the defendant's involvement in the crimes charged or subject the defendant to sentencing enhancements or adjustments.  *See United States v. Jackson*, 345 F.3d 59 (2d Cir. 2003); *United States v. Avellino*, 136 F.3d 249 (2d Cir. 1998); *Tate v. Wood*, 963 F.2d 20 (2d Cir. 1992).

Due process requires that the defendant be given the aforementioned material in advance of trial so that investigatory leads may be pursued in sufficient time to permit a full preparation of the Defendant's case.  *United States v. Bejasa*, 904 F.2d 137, 140-141 (2d Cir. 1990); *United States v. Agajanian*, 852 F.2d 56 (2d Cir. 1988); *United States ex rel. Lucas v. Regan*, F.2d 1, 3 n.1 (2d Cir. 1974).

Additionally, due process requires that the defendant be given the material not only to aid in preparation for trial, **but also to aid in his determination of whether or not to plead guilty**. *Avellino*, 136 F.3d at 255; *Tate*, 963 F.2d at 20.

**SCHEDULE III**

**DISCLOSURE UNDER RULES 404(b), 608, AND 609**

A.  **Federal Rule of Evidence 404(b)**

Under Rule 12(b)(4) of the Federal Rules of Criminal Procedure and Rules 104(a) and 404(b) of the Federal Rules of Evidence, Mr. Stuart respectfully requests that the government notify the defendant of any evidence the government contends would be admissible under Fed. R. Evid. 404(b).

To permit the defendant the opportunity to file appropriate motions prior to trial, the defendant requests to be fully apprised of "evidence of other crimes, wrongs, or acts" or transactions involving the defendant which are outside the scope of the Indictment and which the government will seek to introduce to demonstrate "motive, or absence of mistake or accident." Fed. R. Evid. 404(b).

The defendant should be put on notice of the exact nature of this evidence, the witnesses pertaining thereto, the documents in support thereof, and the theory upon which the government asserts that admissibility rests.  By notifying the defendant in advance of trial, the defendant can file appropriate motions *in limine* prior to trial and afford the Court the occasion to make pretrial determinations regarding the admissibility of any potential Fed. R. Evid. 404(b) evidence proffered by the government.

The pretrial determination of this evidentiary question will serve the smooth operation of the trial, eliminate possible extraneous objections, and assist both the government and the defendant in the presentation of evidence.

### B.     Federal Rules of Evidence 608 and 609

Under Rules 608 and 609 of the Federal Rules of Evidence, the defendant respectfully requests disclosure of any and all evidence, instances of misconduct against a witness, and prior convictions the government intends to use to impeach the defendant's credibility if the defendant should choose to testify.  In the event the government intends to use such evidence, the defendant requests a pretrial hearing to determine the admissibility of such evidence.

**SCHEDULE IV**

## PRESERVATION OF ROUGH NOTES

Mr. Stuart asks the court to require that all federal, state, or local agents and officers who participated in the investigation of the defendant to retain and preserve all rough notes taken as part of their investigation, irrespective of whether the contents of the notes are incorporated in official records.

The defendant also respectfully requests that the Court direct the government to preserve the rough notes made by government witnesses in order to ensure that all such notes are available for possible use in the event they become discoverable. *United States v. Bidloff*, 82 F.Supp.2d 78, 86 (2d Cir. 1999); *United States v. Scotti*, 47 F.3d 1237 (2d Cir. 1995).

**SCHEDULE VI**

**FURTHER RELIEF**

Mr. Stuart respectfully reserves the right to make further and additional motions which may be necessitated by the Court's rulings on the relief sought herein.  The specific requests contained herein are not meant to limit or preclude future requests by the defendant for further relief from the Court as appropriate.

The defendant requests that the Court grand such other and further relief as is just and proper.


**DATED:**     October 4, 2021 Buffalo, New York.

                Respectfully submitted,

                **/s/Jeffrey T. Bagley**
                Jeffrey T. Bagley
                Assistant Federal Public Defender
                Federal Public Defender's Office
                300 Pearl Street, Suite 200
                Buffalo, New York 14202
                (716) 551-3341; 551-3346 (fax)
                Jeffrey_Bagley@fd.org
                *Attorney for John Stuart*

**TO:**   Laura Higgins
        Assistant United States Attorney