IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                                                21-CR-7-LJV-JJM

JOHN STUART,

          Defendant.

## **PROTECTIVE ORDER**

This matter, having come to the Court's attention on the Stipulation for Entry of a Discovery Protective Order submitted by the United States of America and Defendant JOHN STUART, and the Court, having considered the motion, and being fully advised in this matter, hereby enters the following PROTECTIVE ORDER:

1.      This Protective Order governs all discovery material in any format (written or electronic), and information contained therein, that is produced by the government in discovery in the above captioned case and designated by the government as "sensitive."

2.      The United States will make available copies of discovery materials, including those filed under seal, to defense counsel. Possession of copies of the discovery materials designated as "sensitive" is limited to the attorneys of record, investigators, paralegals, law clerks, experts, and assistants for the attorneys of record (collectively, the "defense team"). Any member of the defense team who possesses "sensitive" discovery materials must agree to be bound by the terms of this Protective Order, and defense counsel will make this Protective Order available to all members of the defense team.

3. Members of the defense team may display and review "sensitive" discovery materials with the Defendant. However, the defense team may not provide copies of "sensitive" discovery materials to the Defendant or any other person.

4. Nothing in this order should be construed as imposing any discovery obligations on the government or the defendant that are different from those imposed by case law, Rule 16 of the Federal Rules of Criminal Procedure, the Local Rules, or any other statutory discovery obligation.

5. Any "sensitive" discovery material, or information contained therein, that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents. Alternatively, the defense team may file "sensitive" discovery material publicly, provided the "sensitive" discovery material is in redacted form approved by the government.

6. The provisions of this Order shall survive the conclusion of this prosecution.

7. Any "sensitive" discovery materials provided pursuant to this Order shall be returned to the United States Attorney's Office, including all copies, within ten days of the completion of the case before the Court or, if an appeal is taken, within ten days of the

completion of the case in the United States Court of Appeals for the First Circuit or Supreme Court of the United States. Alternatively, defense counsel may certify to the government that all copies of "sensitive" discovery material have been destroyed, and any electronic versions have been permanently deleted.

DATED this 25 day of January, 2023.

/s/ Jeremiah J. McCarthy_____<br>
HONORABLE JEREMIAH J. McCARTHY<br>
UNITED STATES MAGISTRATE JUDGE