IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

      v.                                                                                 21-CR-07-LJV-JJM

JOHN STUART,

            Defendant.
_____

## OPPOSITION TO DEFENDANT'S MOTION
## TO VACATE OR MODIFY PROTECTIVE ORDER

The defendant filed a motion to vacate or modify the protective order governing discovery in this case to allow him to disseminate discovery materials designated as "sensitive" to expert and other attorneys. Dkt. 85. The UNITED STATES OF AMERICA, by and through its attorney, Trini E. Ross, United States Attorney for the Western District of New York, Assistant United States Attorney David J. Rudroff, of counsel, hereby opposes the motion.

## FACTUAL AND PROCEDURAL BACKGROUND

After a search of his home on October 19, 2020, the defendant was charged by complaint and subsequently indicted in an eight-count Indictment charging receipt of child pornography (18 U.S.C. § 2252A(a)(2)(A)), possession of child pornography (18 U.S.C. §§ 2252A(a)(5)(B)), possession of a firearm and ammunition by a drug user (18 U.S.C. §§ 922(g)(3) and 924(a)(2)), manufacture of marijuana (21 U.S.C. § 841(b)(1)(D)), and maintaining a drug-involved premises (21 U.S.C. § 856(a)(1)). The government provided comprehensive discovery, including the application for the search warrant, which established

that the search was predicated on an investigative lead provided to the FBI by a reputable and trusted foreign law enforcement agency.

After reviewing the warrant application, the defendant moved to suppress the fruits of the search. The defendant argued that the search warrant was not based on probable cause and was based on stale information. Dkt. 27. This Court issued a Report and Recommendation recommending that the District Court deny the motion to suppress, and Judge Vilardo adopted that recommendation. Dkts. 33 and 44.

At a status conference to set a trial date on April 19, 2022, defense counsel claimed, in sum and substance, that he had become aware of other similar criminal prosecutions and requested leave to move to compel additional discovery. Dkts. 47 and 49. The District Court referred any such motions back to this Court, and on July 8, 2022, the defendant moved to compel additional discovery regarding the overarching FBI investigation from which this investigative lead was generated. Dkt. 55.

The government has always maintained that this motion amounts to a fishing expedition, that the government has fully complied with its discovery obligations, and that the defendant's motion to compel should be denied. *See* Dkt. 66. Nevertheless, as an act of good faith, the government agreed to produce additional discovery pursuant to a protective order. The government moved for a protective order on the ground that public disclosure of certain discovery materials would jeopardize ongoing investigations. Dkt. 72. Specifically, the government's additional discovery would disclose the names of child pornography

2

websites, as well as details regarding information sharing between U.S. and foreign law enforcement agencies.  *Id.*  Additionally, the investigation generated investigative leads that were distributed around the country, and not all of those leads had been acted on by law enforcement.  *Id.*  On that basis, the Court entered the protective order.  Dkt. 73.

The protective order, for its part, is carefully drafted to balance law enforcement's need to keep some investigative details out of the public domain, with the defendant's alleged need to use the discovery to prepare a defense.  For example, the protective order only applies to those materials designated as "sensitive" by the government.  Dkt. 73 ¶ 1.  Once a document is designated "sensitive," the defendant is still permitted to give copies to a broadly defined defense team.  The defense team includes "attorneys of record, investigators, paralegals, law clerks, experts, and assistants for the attorneys of record."  *Id.* ¶ 2.  The defense team may display "sensitive" documents to the defendant and discuss the contents with him.  *Id.* ¶ 3.  The defense team may even file sensitive documents on the public docket, provided they are in a redacted form.  *Id.* ¶ 5.  It was under these provisions that the government agreed to provide additional voluntary discovery—discovery that the government maintains the defendant had no legal grounds to compel.

Now, the defense moves to vacate or modify the protective order so that he can engage in a sweeping, nationwide investigation, sharing sensitive discovery with any person that the defendant suspects may have been caught in the same investigation. Dk. 85.  The Court should deny the motion.  As discussed below, the preservation of ongoing investigations, and the protection of law enforcement sensitive investigative techniques is a

3

well-established example of good cause to enter a protective order.  Moreover, the defendant has not established that the protective order has impeded his ability to prepare a defense, or that vacatur of the protective order is otherwise appropriate.  To the contrary, the protective order appropriately balances the parties' competing interests, was relied on by the government in producing discovery, and should not be disturbed.

## ARGUMENT

Federal Rule of Criminal Procedure 16(d)(1) provides that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."  Fed. R. Crim. P. 16(d)(1); *see also In re Terrorist Bombings of U.S. Embassies in E. Afr.*, 552 F.3d 93, 122 (2d Cir.2008) (noting that Rule 16(d) grants district courts the discretion to establish conditions "under which the defense may obtain access to discoverable information"); *United States v. Delia*, 944 F.2d 1010, 1018 (2d Cir.1991) (noting that because the language of Rule 16(d)(1) "is . . . permissive," the district court may "limit or otherwise regulate discovery had pursuant to the Rule").  Rule 16's "good cause" standard for protective orders "requires courts to balance several interests, including whether dissemination of the discovery material inflicts 'hazard to others,' and whether 'the imposition of the protective order would prejudice the defendant.'"  *United States v. Castricone*, No. 20-cr-133-LJV-MJR, 2021 WL 841405, at *1–*2 (W.D.N.Y. Mar. 5, 2021) (quotation marks omitted).

### I.   Good Cause to Limit the Dissemination of Sensitive Materials Still Exists.

The Court should reject the defendant's request to vacate or modify the protective order.  By issuing the protective order in this case, this Court has already made a finding that good cause exists to limit the dissemination of certain documents designated as "sensitive."

4

Dkt. 73. This finding is consistent with other courts that routinely find that the protection of ongoing criminal investigations is good cause to restrict access to and dissemination of those materials. *See, e.g., United States v. Smith*, 985 F. Supp. 2d 506, 530-535 (S.D.N.Y. 2013) (collecting cases and finding good cause to enter a protective order where disclosure could jeopardize ongoing investigations).

Here, as the government has stated, this investigation arose from an investigative lead provided by a foreign law enforcement agency. This investigation resulted in hundreds of investigative leads that were disseminated across the United States. Some of those leads have been acted on, but many have not yet. The information contained in the "sensitive" discovery here could jeopardize the integrity of those investigative leads going forward. The identity of the foreign law enforcement agency and its collaborative relationship with the United States is not public. The identity of the website underlying this case—although mentioned nearly 30 pages into one DOJ submission to congress—is not widely known. More importantly, the scope and nature of the government's investigation into that website and its users is not widely known or public.

Because there are still unresolved investigative leads arising out of this investigation, dissemination of this material poses a serious risk to the government's ongoing efforts to investigate these offenses. Public dissemination of the operation's details would allow targets to destroy evidence or flee from prosecution.

5

As such, good cause exists to maintain the protective order and limit the dissemination of "sensitive" discovery materials. The Court should deny the motion.

## II. The Defendant Fails to Establish Good Cause for Modification.

The defendant's requested modification should also be denied because the defendant has failed to establish that there is good cause for such a modification. "The Second Circuit has not directly addressed the meaning of 'good cause' in the context of modification of a protective order in a criminal case." *United States v. Evans*, No. 17 Cr. 684, 2021 WL 1535054, at *1 (S.D.N.Y. Apr. 18, 2021). But courts within the Second Circuit "have generally applied the same standard that exists in civil cases." *Id.* (citing *United States v. Maxwell*, No. 20 Cr. 330, 2020 WL 5237334, at *1 n.2 (S.D.N.Y. Sept. 2, 2020) (collecting cases)). In civil cases, there is a "strong presumption" against modifying a protective order if the parties to the protective order reasonably relied on it. *United States v. Calderon*, No. 15 Cr. 25, 2017 WL 6453344, at *3 (D. Conn. Dec. 1, 2017) (citing *S.E.C. v. TheStreet.com*, 273 F.3d 222, 229 (2d Cir. 2001)). "That presumption can be overcome only if there is a showing of improvidence in the grant of [the] order or some extraordinary circumstance or compelling need." *United States v. Ngono*, No. 16 CR. 367 (PAC), 2021 WL 2850626, at *3 (S.D.N.Y. July 8, 2021) (quotation marks and citations omitted).

Regardless of whether the presumption applies[1], the defendant has failed to establish that there is good cause to modify the protective order in the manner he requests. The

---

[1] To the extent the Court finds it necessary to analyze whether the presumption against modification applies, the government asserts that the presumption against modification is applicable in this case. "Courts consider several factors in determining whether a protective

6

defendant seemingly asserts that he is unable to prepare a defense because he is unable to consult "outside experts that have experience in the case's subject matter" or to "coordinat[e] with other attorneys."  Dkt. 85 at 4.

However, nothing in the protective order prohibits the defendant from retaining experts and providing them with discovery.  In fact, the protective order explicitly recognizes that the "defense team" allowed to review "sensitive" materials includes experts and their assistants, provided they agree to be bound by the terms of the protective order.  Dkt. 73 ¶ 2.  The defendant cannot therefore claim to be burdened by the protective order on that ground.

Regarding consultation with other attorneys, the defendant appears to suggest that he would like to provide discovery materials to attorneys in other prosecutions that he believes arise out of this investigation.  He would apparently then consult with them in preparing his defense.  This, too, should be rejected.  The defense has not identified a discrete attorney or attorneys that he needs to consult with to prepare a defense, nor has he even established that consulting with other counsel would aid his defense in the first instance.  In fact, the defendant can offer nothing but speculation that those with whom he would consult have any relevant

---

order reasonably invited reliance: (1) the order's scope; (2) the order's express language; (3) the level of inquiry the court gave prior to granting the order; (4) the nature of the reliance; and (5) the type of material that the party seeking modification is attempting to access." *Ngono*, 2021 WL 2850626, at *2 (quotation marks and citations omitted).  As to factors one, two, and five the protective order is narrowly tailored to protect the law enforcement interests at issue and the integrity of ongoing investigations.  As to factor four, the government relied on the protective order when it elected to provide voluntary discovery that contained sensitive investigative information without a corresponding discovery obligation.  These factors weigh in favor of the presumption against modification.

information at all.  In essence, the defendant would like blanket permission to disseminate sensitive information regarding ongoing investigations to any attorney he, in his own discretion, thinks *may* be handling a related case.  This would afford no protection to law enforcement interests at all.

Additionally, to the extent the defendant feels another attorney would be able to assist in his defense, the protective order does not prohibit dissemination of "sensitive" materials to his attorneys.  *See id.*  He is free to retain any non-conflicted attorney he would like, and to share "sensitive" discovery with them.  The defendant simply cannot establish that he has been prejudiced in any meaningful way by his continued compliance with the protective order.  As such, the defendant has failed to establish good cause for his requested modification to the protective order.  The defendant's motion should be denied.

## CONCLUSION

The defendant's motion to vacate or modify the Protective Oder (Dkt. 85) should be denied.

TRINI E. ROSS
United States Attorney

**s/ DAVID J. RUDROFF**
Assistant United States Attorneys
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716-843-5839
David.Rudroff@usdoj.gov
