UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

        v.

JOHN STUART,

                Defendant.
_____

                                                  **21-CR-07-LJV-JJM**

                                              **REPLY MEMORANDUM**

    The government opposes Mr. Stuart's motion to modify the protective order on two grounds. First, the government continues to assert without support or specifics that information in the discovery "could" jeopardize "investigative leads." Second, the government suggests there is a heightened burden that Mr. Stuart has not met in order to modify a protective order that the government itself insisted on imposing. Neither of these rationales are persuasive, nor do they overcome the presumption of access outlined in Mr. Stuart's principal brief. Accordingly, this Court should grant the motion to vacate.

    As an initial matter, the argument that Mr. Stuart now has to meet some heightened burden in order to modify the protective order – a concept for which the government refers to civil cases and cites only a handful of unpublished district court cases – is patently unfair in this particular case, would generally lead to unnecessary litigation, and is undercut by cases on which the government itself relies.

    First, this Court never had the opportunity to decide whether a protective order was appropriate in this case. It was entered on consent for reasons discussed below. Even according to the government's unpublished case, one factor that courts consider is "the level of inquiry the court gave prior to granting the order." *United States v. Ngono*, No. 16 CR. 367 (PAC), 2021 WL

2850626, at *2 (S.D.N.Y. July 8, 2021). Here, this Court has made no inquiry whatsoever. Typically, heightened burdens are erected to modify or overcome prior orders or decisions in an effort to discourage repetitive litigation. But here there has been no litigation at all. Unfortunately, the government has made a habit of insisting on protective orders in this district before engaging in required discovery. In the vast majority of these cases, matters are resolved without the need for litigation on the merits of the order. But, were the government's standard to be adopted, the defense would be compelled to fully litigate each and every order the government seeks, simply to avoid having to meet some heightened standard later. This would have the exact opposite effect that rules such as the one the government seeks to impose here are intended to have.

Further, and perhaps more importantly, before the defense had an opportunity to even review the discovery, the government insisted on a protective order. At the time, the defense agreed to the order, but only on the condition that the defense "may ask for parts or all lifted if [the defense] feel it appropriate after reviewing the documents." (Ex. A, email from defense counsel to government). The government indicated it "underst[ood]." (*Id*.)  The agreement was predicated on a condition that the defense may seek to modify the order in the future. Any suggestion that a heightened burden must now be met should not be tolerated by this Court. And further, once again, one of the few cases on which the government relies cuts against its own argument: In *Ngono*, the court found that "[t]he Protective Order says nothing about future modification, which would (if such language were present) weigh against a finding of reasonable reliance." 2021 WL 2850626, at *2. While the Order here, which was drafted by the government, does not itself contain that language, it is plain that the defense's consent was predicated on the possibility of "future modification." See *id.*

As for the actual merits of the government's defense of the protective order, the government continues to try to justify the order on the ground that public disclosure of the protected material would jeopardize its investigation. Confronted with reasons that this justification is insufficient, the government does not attempt to explain how these disclosures could jeopardize its investigation. Instead, it simply offers the same tired rationale without any factual support.

The facts are that the evidence at issue in this case and others was secured a full four years ago. Acting in concert with other counties, the server at issue in this case was taken down by the government in 2019. Mr. Stuart was alleged to have visited a contraband website in 2019. Indeed, in all the cases that the defense is aware of arising out of this investigation, the defendants are alleged to have visited websites in 2019. What is more, the government itself has published the name of one of these websites, and other public documents reveal much more about the investigation. Indeed, it is through these public documents that defense learned of the true scope of the investigation and has led to continued litigation, including motions such as this. The government repeatedly claims that the investigation is not "widely known" to the general public, but that is not the standard, and the words "jeopardize investigation" are not a magic incantation that allows the government to conjure a protective order and work in secret whenever it desires. Rather, it has been demonstrated that the government lacks the good cause necessary to curtail public access to documents of public concern, and therefore the order should be vacated.

At a minimum, this Court should modify the order to allow the sharing of information between other defense counsel, all of whom have similar cases pending in federal courts throughout the county. The defense has identified precedent for this modest proposal in *United*

*States v. Michaud*, NO. CR15-05351 RJB (W.D. Wash 2015). The government has not attempted in its response to distinguish *Michaud* in any way. Although the government suggests that it would not object to the defense "retaining" other attorneys to work together on the case, it is not clear how this would effectively be any different than the proposal advanced by the defense. Accordingly, this Court should, at a minimum, modify the order to allow sharing with other defense counsel without the burdensome and unnecessary steps of having those counsel file notices of appearance, apply to be admitted *pro hac vice*, or be otherwise "retained."

**DATED**:        Buffalo, New York, April 7, 2023.

Respectfully submitted,

**/s/ Jeffrey T. Bagley**
Jeffrey T. Bagley
Assistant Federal Public Defender
Federal Public Defender's Office
300 Pearl Street, Suite 200
Buffalo, New York 14202
(716) 551-3341, (716) 551-3346 (Fax)
*Counsel for Defendant John Stuart*

**TO:** David J. Rudroff
Assistant United States Attorney